VIRGINIA S. WHITEHEAD *v.* MARCELLUS WHITEHEAD and others.

Where land was bought with money forming a portion of the separate estate of a wife, and by mistake the title was made to the husband, and subsequently, the land was sold under execution by creditors of the husband, and was bought by them, *with notice, &c: Held,* that upon application by the wife, the purchasers would be declared trustees for her, and whether they purchased with *notice,* or without, was immaterial.

CIVIL ACTION, tried before *Cloud, J.,* at Spring Term 1870 of ROWAN Court.

The facts were, that on the marriage of the plaintiff with the defendant Marcellus, in 1846, her property was conveyed to her separate use; in March 1848, a part of it was invested in lots in Salisbury, which, in April 1866, were sold, and the land, in question, purchased. This last was, by mistake, conveyed to the husband for his own use. In the Spring of 1869, the plaintiff's attention was first called to the mistake, she having supposed until then that it had been conveyed to Thomas Whitehead, as trustee for her. In 1868, Henderson and Ennis, who were also defendants in this case, obtained judgment against the husband; and, in September

1869, the premises in question were sold under execution, and bought by the above judgment creditors, who had notice at that time of the plaintiff's claim.

His Honor thereupon gave judgment as required by the plaintiff; viz, that the defendants be declared trustees for her, &c.

The defendants appealed.

*Boyden & Bailey,* for the appellants.
*John S. Henderson,* contra.

1. A husband who purchases an estate with trust money belonging to his wife, becomes a trustee for her: *Lench* v. *Lench,* 10 Ves. 517; *Pearson* v. *Daniel,* 2 D. & B. Eq. 360; *Methodist Episcopal Church* v. *Jaques,* 1 John C. R. 450, 3 *Ib.* 77; *Pinney* v. *Fellows,* 15 Vt. 525; and he is trustee *pro tanto,* if *all* the money were not hers. Hill, Trustees, 522; *Oliver* v. *Piatt,* 3 How. U. S. 333; *Cheshire* v. *Cheshire,* 2 Ire. Eq. 569.

2. Purchasers at sheriffs sales take subject to all equities which affected the defendants in the executions: *Freeman* v. *Hill,* 1 D. & B. 389; *Polk* v. *Gallant,* 2 *Ib.* 395; *Read* v. *Kinnaman,* 8 Ire. Eq. 13; *Ellis* v. *Tousley,* 1 Paige Ch. Rep. 280.

3. No advantage can be taken of the mistake: *McKay* v. *Simpson,* 6 Ire. Eq. 452; *Johnson* v. *Lee,* Bus. Eq. 43.

READE, J. It was not controverted that the trust fund, held as of the separate estate of the plaintiff, was appropriated to purchase the land in question, and that it was agreed that the deed was to be made to Thomas Whitehead in trust for the plaintiff; but, by mistake of the draftsman, it was made to Marcellus Whitehead without any declaration of trust. It is a well settled principle of

equity that the plaintiff has the right to follow the fund, and to have the legal owner declared a trustee for her.

The defendants, Henderson and Ennis, bought the land at sale under execution against Marcellus Whitehead the legal owner, with notice of the plaintiff's equity, and, of course, they are bound by it. Indeed, as they can take nothing under the sale but the interest of the defendant in the execution, they would be affected by the equity, without notice.

There is no error. Let this be certified, &c.

PER CURIAM. Affirmed.